**Debevoise & Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/9/2022
```

August 9, 2022
*VIA ECF*

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *Rauch Industries, Inc. v. Heart Artist LLC, et al.* **Case No. 1:22-cv-00909-MKV (S.D.N.Y.)**

Dear Judge Vyskocil:

      We represent Plaintiff Rauch Industries, Inc. ("Rauch") in the above-referenced action. We write to request that Exhibit 1 to Defendants' August 2, 2022, Letter (Dkt. No. 107), which is a copy of Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories (the "Responses"), be placed under seal and that Rauch be permitted to file a redacted version of the Responses. Pursuant to Individual Rule 9(B)(i), attached as Exhibit A is a proposed redacted version of the Responses and attached as Exhibit B (filed under seal), is an unredacted version of the Responses with proposed redactions highlighted. Defendants consent to this request.

      Defendants publicly filed the Responses without realizing that they contain sensitive personal information. Specifically, the Responses contain the personal addresses of eight Rauch employees. Rauch now seeks to redact that information. *See Watson v. Manhattan Luxury Auto., Inc.*, No. 20-4572, 2022 WL 683008, at *1,4 (S.D.N.Y. Mar. 8, 2022) (treating personal addresses as personal information and permitting the redaction of same); *Valassis Commc'n, Inc. v. News Corp.*, 17-7378, 2020 WL 2190708, at *4 (permitting the redaction of phone numbers and home addresses on the ground that "the personal privacy interests of relevant third-party individuals in information including personal cell phone numbers and home addresses outweighs the presumption of public access.").

      Here, redaction of the subject addresses is warranted to protect the competing privacy interests of Rauch's employees. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted). Courts within this district have permitted the filing of redacted documents to protect sensitive personal information. *See In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 13-7789, 2020 WL 6378936, at *1 (S.D.N.Y. Oct. 30, 2020) (finding that the filing of portions of plaintiffs' motion for issuance of a Hague Convention request under seal was "necessary to prevent the unauthorized dissemination of . . . sensitive personal information."); *Mark v. Gawker Media*

*LLC*, 13-4347, 2015 WL 7288641, at *(1-2 (S.D.N.Y. Nov. 16, 2015) (permitting the redaction of "certain personal information," including " email addresses, telephone numbers, bank account information, and individuals' names where those names are linked to online 'handles' or nicknames" on the ground that the "privacy interests in individuals' personal information," was a "'competing consideration[]' sufficient to rebut the common-law presumption of access.").

Further, Rauch's proposed redactions are limited in scope and narrowly tailored to respect the public's right to access judicial documents. *See Mark*, 2015 WL 7288641 at * 2. Accordingly, Rauch requests that the Court protect the unredacted Responses under seal, and permit the public filing of redacted Responses.

Respectfully submitted,

*/s/ Megan B. Bannigan*
Megan K. Bannigan
David H. Bernstein
Kathryn C. Saba
**Debevoise & Plimpton LLP**
919 Third Avenue
New York, New York, 10022
Telephone: (212) 909-6000

*Attorneys for Plaintiff Rauch Industries, Inc.*

---

**Granted. SO ORDERED.**

Date: 8/9/2022
New York, New York

Mary Kay Vyskocil
United States District Judge

2