**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Rauch Industries, Inc.

Plaintiff,

**AMENDED ANSWER WITH COUNTERCLAIM**

1:22-CV-0909 (MKV)

v.

Christopher Radko and Heart Artist LLC,

Defendants.

---

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants' Christopher Radko and Heart Artist LLC (hereinafter collectively "Defendants") through their undersigned counsel, hereby answer the Complaint of Plaintiff, Rauch Industries, Inc. (hereinafter "Plaintiff") as follows:

**INTRODUCTION**

1. Defendants deny the allegations of paragraph 1 of the Complaint, but admit that Defendants operate a business under the HeARTfully Yours™ brand.

2. Defendants deny the allegations of paragraph 2 of the Complaint.

3. Defendants deny the allegations of paragraph 3 of the Complaint.

4. Defendants deny the allegations of paragraph 4 of the Complaint.

## PARTIES, JURISDICTION, AND VENUE

5. Defendants lack sufficient knowledge or belief to admit or deny the allegations of paragraph 5 of the Complaint, and therefore deny same.

6. Defendants admits the allegations of paragraph 6 of the Complaint.

7. Defendants deny the allegations of paragraph 7 of the Complaint, but admit that Mr. Christopher Radko is the sole member of Heart Artist LLC

8. Defendants deny the allegations of paragraph 8 of the Complaint, but admit that what purports to be Plaintiff's recitation of its causes of action is recited therein.

9. Defendants admit the allegations of paragraph 9 of the Complaint.

10. Defendants admit the allegations of paragraph 10 of the Complaint.

11. Defendants admit the allegations of paragraph 11 of the Complaint.

## FACTUAL BACKGROUND

12. Defendants incorporate their responses to paragraphs 1 through 11 as if fully set forth herein.

13. Defendants admit the allegations of paragraph 13 of the Complaint.

14. Defendants admit the allegations of paragraph 14 of the Complain

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants admit the allegations of paragraph 16 of the Complaint.

17. Defendants admit the allegations of paragraph 17 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint, but admit that Defendant Mr. Christopher Radko grew his reputation as a designer of high-end Christmas ornaments.

19. Defendants lack sufficient knowledge or belief to admit or deny the allegations of paragraph 19 of the Complaint, and therefore deny same.

20. Defendants deny the allegations of paragraph 20 of the Complaint, but admit that Plaintiff purchased the business of Starad, Inc.

21. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 21 of the Complaint, and therefore deny same.

22. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 22 of the Complaint, and therefore deny same.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint..

25. The text of the SPA speaks for itself.

26. Defendants respectfully refer the meaning of any legally operative documents/agreements to the Court for adjudication.

27. The text of the SPA speaks for itself..

28. The text of the SPA speaks for itself..

29. The text of the SPA speaks for itself..

30. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 30 of the Complaint, and therefore deny same.

31. The various agreements between the parties speak for themselves.

32. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 32 of the Complaint, but admit that Mr. Christopher Radko was the original owner of the trademark registrations set forth in paragraph 32 of the Complaint.

33. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 33 of the Complaint, and therefore deny same.

34. Defendants deny the allegations of paragraph 34 of the Complaint that Mr. Radko received a salary of $500,000 per year as promised under the Agreement but admits that Starad became the Christopher Radko division of Rauch.

35. The allegations in the referenced lawsuit speak for themselves. Admit the lawsuit was settled.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 37 of the Complaint, and therefore deny same.

38. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 38 of the Complaint, and therefore deny same.

39. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 39 of the Complaint, and therefore deny same.

40. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 40 of the Complaint, and therefore deny same.

41. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 41 of the Complaint, and therefore deny same.

42. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 42 of the Complaint, and therefore deny same.

43. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 43 of the Complaint, and therefore deny same.

44. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 44 of the Complaint, and therefore deny same.

45. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 45 of the Complaint, and therefore deny same.

46. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 46 of the Complaint, and therefore deny same.

47. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 47 of the Complaint, and therefore deny same.

48. Defendants deny the allegations of the first sentence of paragraph 48 of the Complaint and lack sufficient knowledge or belief to either admit or deny the remaining allegations, and therefore deny same.

49. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 49 of the Complaint, and therefore deny same.

50. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 50 of the Complaint, and therefore deny same.

51. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 51 of the Complaint, and therefore deny same.

52. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 52 of the Complaint, and therefore deny same.

53. Defendants deny the allegations of paragraph 53 of the Complaint but admit that Mr. Radko has an Instagram account.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

55. Defendants deny any wrongdoing and lack sufficient knowledge or belief to either admit or deny the remainder of the allegations of paragraph 55 of the Complaint, and therefore deny same.

56. Defendants deny the allegations of paragraph 56 of the Complaint, but admit that a letter was sent to Mr. Christopher Radko on July 8, 2021.

57. Defendant deny the allegations of paragraph 57 of the Complaint.

58. Defendants deny the allegations of paragraph 58 of the Complaint, but admit that Mr. Christopher Radko, through his counsel, provided a response to Plaintiff's July 8, 2021 letter.

59. Defendant deny the allegations of paragraph 59 of the Complaint.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

61. Defendants admit the allegations of paragraph 61 of the Complaint.

62. Defendants admit the allegations of paragraph 62 of the Complaint.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 and fn 1 of the Complaint, but admit that what purports to be an image of Mr. Christopher Radko's personal Facebook page is reproduced therein.

69. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 69 of the Complaint, and therefore deny same.

70. Defendants deny the allegations of paragraph 70 of the Complaint but admit that Mr. Christopher Radko announced his new HeARTfully Yours Facebook page on December 23, 2021.

71. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 71 of the Complaint, and therefore deny same.

72. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 72 of the Complaint, and therefore deny same.

73. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 73 of the Complaint, and therefore deny same.

74. Defendants deny the allegations of paragraph 74 of the Complaint.

75. Defendants deny the allegations of paragraph 75 of the Complaint, but admit that what purports to be a reproduction of Mr. Christopher Radko's Facebook page is set forth therein.

76. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 76 of the Complaint, and therefore deny same.

77. Defendants deny the allegations of the first sentence of paragraph 77 of the Complaint and lack sufficient knowledge or belief to either admit or deny the remaining allegations, and therefore deny same.

78. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 78 of the Complaint, but admit that what purports to be a reproduction from a page of the HeARTfully Yours Facebook page is set forth therein.

79. Defendants deny the allegations of paragraph 79 of the Complaint.

80. Defendants deny the allegations of paragraph 80 of the Complaint, but admit that what purports to be a reproduction of a page from the HeARTfully Yours Facebook page is set forth therein.

81. Defendants deny the allegations of paragraph 81 of the Complaint.

82. Defendants deny the allegations of paragraph 82 of the Complaint.

83. Defendants deny the allegations of paragraph 83 of the Complaint, but admit that Defendants operate an Instagram account.

84. Defendants deny the allegations of paragraph 84 of the Complaint.

85. Defendants deny the allegations of paragraph 85 of the Complaint.

86. Defendants deny the allegations of paragraph 86 of the Complaint.

87. Defendants deny the allegations of paragraph 87 of the Complaint.

88. Defendants deny the allegations of paragraph 88 of the Complaint.

89. Defendants deny the allegations of paragraph 89 of the Complaint.

90. Defendants deny the allegations of paragraph 90 of the Complaint, but admit that what purports to be a reproduction of Defendant's Facebook page is set forth therein.

91. Defendants deny the allegations of paragraph 91 of the Complaint, but admit that what purports to be a reproduction of Defendant's Facebook page is set forth therein.

92. Defendants deny the allegations of paragraph 92 of the Complaint.

93. Defendants admit the allegations of paragraph 93 of the Complaint.

94. Defendants admit the allegations of paragraph 94 of the Complaint.

95. Defendants deny the allegations of paragraph 95 of the Complaint.

96. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 96 of the Complaint, and therefore deny same.

97. Defendants deny the allegations of paragraph 97 of the Complaint.

98. Defendants deny the allegations of paragraph 98 of the Complaint.

99. Defendants deny the allegations of paragraph 99 of the Complaint.

100. Defendants deny the allegations of paragraph 100 of the Complaint.

101. Defendants deny the allegations of paragraph 101 of the Complaint.

102. Defendants deny the allegations of paragraph 102 of the Complaint.

103. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 103 of the Complaint, and therefore deny same.

104. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 104 of the Complaint, and therefore deny same.

105. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 105 of the Complaint, and therefore deny same.

106. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 106 of the Complaint, and therefore deny same.

107. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 107 of the Complaint, and therefore deny same.

108. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 108 of the Complaint, and therefore deny same.

109. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 109 of the Complaint, and therefore deny same.

110. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 110 of the Complaint, and therefore deny same.

111. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 111 of the Complaint, and therefore deny same.

112. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 112 of the Complaint, and therefore deny same.

113. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 113 of the Complaint, and therefore deny same.

114. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 114 of the Complaint, and therefore deny same.

115. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 115 of the Complaint, and therefore deny same.

116. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 116 of the Complaint, and therefore deny same.

117. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 117 of the Complaint, and therefore deny same.

118. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 118 of the Complaint, and therefore deny same.

119. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 119 of the Complaint, and therefore deny same.

120. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 120 of the Complaint, and therefore deny same.

121. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 121 of the Complaint, and therefore deny same.

122. Defendants deny the allegations of paragraph 122 of the Complaint.

123. Defendants deny the allegations of paragraph 123 of the Complaint.

124. Defendants deny the allegations of paragraph 124 of the Complaint.

125. Defendants deny the allegations of paragraph 125 of the Complaint, as stated.

126. Defendants deny the allegations of paragraph 126 of the Complaint, but admit that a link to an article in Gifts & Decorative Accessories dates December 17, 2021 appeared on Mr. Christopher Radko’s Facebook page.

127. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 127 of the Complaint, and therefore deny same.

128. Defendants deny the allegations of paragraph 128 of the Complaint, but admit that what purports to be a reproduction of one of Mr. Christopher Radko's Facebook page is set forth therein.

129. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 129 of the Complaint, and therefore deny same.

130. Defendants deny the allegations of paragraph 130 of the Complaint.

131. Defendants deny the allegations of paragraph 131 of the Complaint.

132. Defendants deny the allegations of paragraph 132 of the Complaint.

133. Defendants deny the allegations of paragraph 133 of the Complaint.

134. Defendants deny the allegations of paragraph 134 of the Complaint.

135. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 135 of the Complaint, and therefore deny same.

136. Defendants deny the allegations of paragraph 136 of the Complaint.

137. Defendants deny the allegations of paragraph 137 of the Complaint.

138. Defendants deny the allegations of paragraph 138 of the Complaint.

139. Defendants admit the allegations of paragraph 139 of the Complaint.

140. Defendants deny the allegations of paragraph 140 of the Complaint.

141. Defendants deny the allegations of paragraph 141 of the Complaint.

142. Defendants deny the allegations of paragraph 142 of the Complaint.

143. Defendants deny the allegations of paragraph 143 of the Complaint.

144. Defendants deny the allegations of paragraph 144 of the Complaint.

145. Defendants deny the allegations of paragraph 145 of the Complaint.

146. Defendants deny the allegations of the first sentence of paragraph 146 of the Complaint and lack sufficient knowledge or belief to either admit or deny the remaining allegations of paragraph 146 of the Complaint, and therefore deny same.

147. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 147 of the Complaint, and therefore deny same.

148. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 148 of the Complaint, and therefore deny same.

149. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 149 of the Complaint, and therefore deny same.

150. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 150 of the Complaint, and therefore deny same.

151. Defendants deny the allegations of paragraph 151 of the Complaint.

152. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 152 of the Complaint, and therefore deny same.

153. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of the first sentence of paragraph 153 of the Complaint, and therefore deny same. Defendants deny the remaining allegations of paragraph 153 of the Complaint.

154. Defendants deny the allegations of paragraph 154 of the Complaint.

155. Defendants deny the allegations of paragraph 155 of the Complaint.

156. Defendants deny the allegations of paragraph 156 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Breach of Contract against Mr. Radko)**

157. Defendants incorporate their responses to paragraphs 1 through 156 as if more fully set forth herein.

158. Defendants deny the allegations of paragraph 158 of the Complaint.

159. Defendants admit the allegations of paragraph 159 of the Complaint.

160. Defendants admit the allegations of paragraph 160 of the Complaint.

161. Defendants deny the allegations of paragraph 161 of the Complaint, but admit that the language of the entire SPA and IATA speaks for itself.

162. Defendants admit the allegations of paragraph 162 of the Complaint.

163. Defendants deny the allegations of paragraph 163 of the Complaint.

164. Defendants deny the allegations of paragraph 164 of the Complaint.

165. Defendants deny the allegations of paragraph 165 of the Complaint.

## SECOND CAUSE OF ACTION
**Federal Trademark Infringement Under 15 U.S.C. § 1114**
**(Against both Defendants)**

166. Defendants incorporate their responses to paragraphs 1 through 165 as if more fully set forth herein.

167. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 167 of the Complaint, and therefore deny same.

168. Defendants deny the allegations of paragraph 168 of the Complaint.

169. Defendants deny the allegations of paragraph 169 of the Complaint.

170. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 170 of the Complaint, and therefore deny same.

171. Defendants deny the allegations of paragraph 171 of the Complaint.

172. Defendants deny the allegations of paragraph 172 of the Complaint.

173. Defendants deny the allegations of paragraph 173 of the Complaint.

174. Defendants deny the allegations of paragraph 174 of the Complaint.

175. Defendants deny the allegations of paragraph 175 of the Complaint.

176. Defendants deny the allegations of paragraph 176 of the Complaint.

## THIRD CAUSE OF ACTION
**Federal Unfair Competition and False Designation of Origin**
**Under 15 U.S.C. § 1125(a)**
**(Against Both Defendants)**

177. Defendants incorporate their responses to paragraphs 1 through 176 of the Complaint as if fully set forth herein.

178. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 178 of the Complaint, and therefore deny same.

179. Defendants deny the allegations of paragraph 179 of the Complaint.

180. Defendants deny the allegations of paragraph 180 of the Complaint.

181. Defendants deny the allegations of paragraph 181 of the Complaint.

182. Defendants deny the allegations of paragraph 182 of the Complaint.

183. Defendants deny the allegations of paragraph 183 of the Complaint.

184. Defendants deny the allegations of paragraph 184 of the Complaint.

185. Defendants deny the allegations of paragraph 185 of the Complaint.

186. Defendants deny the allegations of paragraph 186 of the Complaint.

187. Defendants deny the allegations of paragraph 187 of the Complaint.

**FOURTH CAUSE OF ACTION**
**Common Law Trademark Infringement, Unfair Competition and Passing Off (Against Both Defendants)**

188. Defendants incorporate their responses to paragraphs 1 through 187 as if fully set forth herein.

189. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 189 of the Complaint, and therefore deny same.

190. Defendants deny the allegations of paragraph 190 of the Complaint.

191. Defendants deny the allegations of paragraph 191 of the Complaint.

192. Defendants deny the allegations of paragraph 192 of the Complaint.

193. Defendants deny the allegations of paragraph 193 of the Complaint.

**FIFTH CAUSE OF ACTION**
**Trademark Dilution Under New York General Business Law § 360-1 (Against Both Defendants)**

194. Defendants incorporate their responses to paragraphs 1 through 193 as if fully set forth herein.

195. Defendants lack sufficient knowledge or belief to either admit or deny the allegations of paragraph 195 of the Complaint, and therefore deny same.

196. Defendants deny the allegations of paragraph 196 of the Complaint.

197. Defendants deny the allegations of paragraph 197 of the Complaint.

198. Defendants deny the allegations of paragraph 198 of the Complaint.

**AFFIRMATIVE DEFENSES**

Defendants, for their affirmative defenses, aver as follows:

1. Defendants use of the name or term "Christopher Radko," or any derivatives thereof, constitutes fair use and/or is non-trademark use.

2. Plaintiff's claims are barred by the doctrine of estoppel and/or acquiescence.

3. Plaintiff has failed to take reasonable measures to mitigate damages.

4. As of August 16, 2021, there is no legal impediment to Defendants' non-trademark use of the names Radko or Christopher Radko in conjunction with the ornament business.

# COUNTER-CLAIM

## PARTIES

1. Defendant Rauch Industries, Inc. ("RAUCH INDUSTRIES") is a North Carolina corporation with headquarters in Washington.

2. Christopher Radko ("Mr. Radko") and Heart Artist, LLC, (collectively referred to herein as "CR-HEART") are both New York residents.

## JURISDICTION

3. RAUCH INDUSTRIES is subject to jurisdiction in New York because it conducts business in New York and because it filed suit against the CR-HEART in New York.

4. This Court has subject-matter jurisdiction over the counter-claim based on Federal question jurisdiction (28 U.S. Code § 1331), diversity jurisdiction (28 U.S. Code § 1332(a), and supplemental jurisdiction (28 U.S. Code § 1367).

## PRIOR RELATIONSHIP OF THE PARTIES

5. In 2005, Mr. Radko sold his ornament business to RAUCH INDUSTRIES, including the "Christopher Radko" trademarks.

6. Simultaneously with the sale, Mr. Radko entered into an employment and non-compete agreement with RAUCH INDUSTRIES, wherein he agreed not to use his name in

conjunction with the ornament business until four years after his employment with RAUCH INDUSTRIES ended.

7. The aforesaid sale, asset transfer, and employment/non-compete agreement were set forth in a Stock Purchase Agreement ("SPA"), Intangible Asset Transfer Agreement ("IATA") and Employment and Non-Competition Agreement ("ENCA") (collectively the "2005 Radko Sale Agreements").

8. Mr. Radko's employment with RAUCH INDUSTRIES ended in 2007.

9. Between 2007 and 2010, the parties engaged in litigation against each other, culminating in a 2010 Settlement Agreement, wherein Mr. Radko extended his covenant not to use his name in connection with the ornament business until August 15, 2021.

10. The 2010 Settlement Agreement provided that to the extent any surviving portions of the 2005 Radko Sale Agreements were inconsistent with the 2010 Settlement Agreement, the 2010 Settlement Agreement superseded and controlled the 2005 Radko Sale Agreements.

**RAUCH INDUSTRIES FILES A GROUNDLESS LAWSUIT AGAINST CR-HEART**

11. Subsequent to August 15, 2021, CR-HEART began offering holiday/Christmas ornaments for sale.

12. CR-HEART goes above and beyond to ensure that customers reading their marketing materials and buying their products are aware that CR-HEART's products are not affiliated with RAUCH INDUSTRIES or with the Radko Marks. For example, CR-HEART's marketing materials state that its products represent "artist/author Mr. Radko's first in fifteen years". Furthermore, the marketing materials also contain frequent and explicit disclaimers setting forth that CR-HEART's products are not affiliated with the products sold by RAUCH INDUSTRIES or with the CHRISTOPHER RADKO trademarks.

13. On or about February 11, 2022, RAUCH INDUSTRIES sued CR-HEART, and sought a temporary restraining order/preliminary injunction against them, alleging various breach of contract and trademark infringing claims pertaining to CR-HEART's purported wrongdoing subsequent to August 15, 2021.

14. The gravamen of RAUCH INDUSTRIES's allegations was that CR-HEART had no right to use the Christopher Radko name in conjunction with the ornament business and that in so doing, they were in breach of the 2005 Radko Sale Agreements and were violating the RADKO marks.

15. Neither RAUCH INDUSTRIES's Complaint nor its motion for injunctive relief disclosed the 2005 ENCA or 2010 Settlement Agreements, (which provided that Mr. Radko's covenant to refrain from using his name in the ornament business ended in 2011 and August 16, 2021 respectively).

16. The 2005 ENCA and 2010 Settlement Agreements were brought to the Court's attention by CR-HEART in Opposition to RAUCH INDUSTRIES's motion for injunctive relief.

**<u>RAUCH INDUSTRIES' ILLEGAL ACTS AGAINST CR-HEART</u>**

17. In January 2022, Mr. Radko was in Atlanta, Georgia to attend a gift industry tradeshow, as were several RAUCH INDUSTRIES representatives.

18. While in Atlanta, Mr. Radko met Carl Evans, the owner of a "Christmas" store in Leavenworth, Washington, called KRIS KRINGL.

19. Mr. Evans was also in Atlanta to attend the tradeshow, and when he spotted Mr. Radko, he excitedly came up to Mr. Radko and told him how excited he was that Mr. Radko was back in the ornament business, and that he intended to make a large order from Mr. Radko (for his KRIS KRINGL store).

20. This conversation took place within view and hearing of several RAUCH INDUSTRIES representatives.

21. RAUCH INDUSTRIES have sold their products to KRIS KRINGL for many years.

22. While Mr. Evans was excitedly telling Mr. Radko about the large order he planned to place with him, Mr. Radko saw the RAUCH INDUSTRIES representatives glancing periodically in their direction.

23. Beginning a few days after this meeting, and periodically thereafter, CR-HEART placed several phone calls to KRIS KRINGL asking to speak to Mr. Evans. On each occasion, Mr. Evans' daughter would answer the call and advise that her father was unavailable. In addition, Mr. Evans' daughter has refused to place an order with CR-HEART, on each occasion stating that it was not a good time to place an order.

24. Upon information and belief, the reason why Mr. Evans went from excitedly discussing the large order he intended to place, to refusing to take CR-HEART's phone calls, is because one or more of the RAUCH INDUSTRIES representatives who saw/heard his conversation with Mr. Radko, subsequently threatened/intimidated/pressured Mr. Evans into changing his mind.

25. On March 2, 2022, counsel for RAUCH INDUSTRIES and CR-HEART appeared before the Honorable Mary Kay Vyskocil of the U.S.D.C., S.D.N.Y., for Oral Argument on RAUCH INDUSTRIES's motion for injunctive relief.

26. At the Hearing, RAUCH INDUSTRIES's counsel conceded that RAUCH INDUSTRIES did not allege any wrongdoing prior to August 15, 2021.

27. At the Hearing, the Court noted that the 2010 Settlement Agreement did not preclude CR-HEART from using the Radko name in conjunction with an ornament business after August 15, 2021.

28. At the Hearing, the Court told RAUCH INDUSTRIES's counsel that RAUCH INDUSTRIES had "not even come close" to proving that CR-HEART had infringed the RADKO marks.

29. Incredibly, despite the fact that RAUCH INDUSTRIES's allegations have no legal basis, and despite having heard the Court state that RAUCH INDUSTRIES had "not even come close" to proving that CR-HEART had infringed the RADKO marks, just six days later, (on March 8, 2022) RAUCH INDUSTRIES's counsel sent a letter to OLD WORLD ACCENTS, one of CR-HEART's customers, wherein it stated that CR-HEART was:

- "Making repeated use of the Radko Marks without RAUCH INDUSTRIES's permission"
- "Violating RAUCH INDUSTRIES's trademark rights.
- "Causing significant confusion in the marketplace.

30. The aforesaid letter also wrongfully accused OLD WORLD ACCENTS of violating RAUCH INDUSTRIES's trademark rights and warned it to stop using Mr. Radko's name in conjunction with the sale of his ornaments.

31. Prior to the time RAUCH INDUSTRIES sent the aforesaid e-mail, OLD WORLD ACCENTS had advised Defendants that it intended to place an order with them.

32. Upon information and belief, as a result of RAUCH INDUSTRIES' tortious interference in the relationship between Defendants and OLD WORLD ACCENTS, OLD

WORLD ACCENTS has not ordered as much product from Defendants as it otherwise would have.

33. On March 14, 2022, the Honorable Mary Kay Vyskocil of the U.S.D.C., S.D.N.Y., issued an Order denying RAUCH INDUSTRIES's motion for injunctive relief on the grounds that it had not demonstrated a likelihood of success on the merits of its claims.

34. More specifically, the Court noted that the 2010 Settlement Agreement only precluded Mr. Radko from using his name in conjunction with the ornament business until August 15, 2021, thus his use of his name in the ornament business subsequent to August 15, 2021 did not constitute a breach of contract.

35. With respect to RAUCH INDUSTRIES's trademark infringement claim, the Court went through each of the elements of CR-HEART's fair use defense, and with respect to each of the elements of the defense, the Court found that CR-HEART appeared to have met the standard.

36. Thus, the Court ruled that "the Court cannot find that Plaintiff is likely to succeed on its claim that Mr. Radko used his name as a mark… Mr. Radko is free to promote his business using his name". "So long as Mr. Radko continues to use his name, as he has, in a manner other than as a mark, he does not infringe on Plaintiff's registered trademark".

37. Furthermore, the Court's Order denying RAUCH INDUSTRIES's motion for injunctive relief, noted that that the motion was "particularly suspect", and that it was "troubled by RAUCH INDUSTRIES's lack of candor with the Court" (in failing to disclose the 2005 ENCA and 2010 Settlement Agreement to the Court), and that RAUCH INDUSTRIES's attempt to "manufacture a breach of contract claim" without disclosing the aforesaid documents was "highly concerning to the Court".

38. On or around March 15, 2022, Defendants obtained a copy of Plaintiff's March 8, 2022, letter to OLD WORLD ACCENTS.

39. As such on March 15, 2022, Defendants' counsel sent Plaintiff's counsel a letter noting that Plaintiff had sent the March 8, 2022 letter in bad faith, in light of the statements the Court had made at oral argument six days prior.

40. Defendants' counsel's March 15, 2022 letter to Plaintiff's counsel noted that Plaintiff's March 8, 2022, letter to OLD WORLD ACCENTS constituted tortious interference with business relations.

41. Defendants' counsel's March 15, 2022 letter to Plaintiff's counsel demanded that Plaintiff refrain from making any further disparaging/untrue statements regarding Defendants and that Plaintiff refrain from any further communications to third-parties that the use of Mr. Radko's name in conjunction with the sale of his ornaments violated Plaintiff's marks.

42. Defendants' counsel's March 15, 2022 letter to Plaintiff's counsel also demanded that Plaintiff send appropriate corrective letters to any person/company to whom they had previously communicated untrue statements regarding Defendants or regarding the right to use Mr. Radko's name in conjunction with the sale of his ornaments.

43. The Court's Order dated March 14, 2022 denying Plaintiff's motion for injunctive relief, and the letter Defendants' counsel sent Plaintiff's counsel on March 15, 2022, reaffirmed what Plaintiff had known all along- that its claims that Defendants were in breach of contract and/or that Defendants were violating Plaintiff's trademarks had no legal merit.

44. Despite this, RAUCH INDUSTRIES has continued to defame CR-HEART and to tortiously interfere with CR-HEART's business relations.

45. Upon information and belief, Amy Pyeatt is a buyer for the Houston Ballet.

46. Upon information and belief, on June 27, 2022, Ms. Pyeatt was speaking to Lynn Brammer, a RAUCH INDUSTRIES Brands Representative, and after placing an order for some of RAUCH INDUSTRIES's ornaments, Ms. Pyeatt told the RAUCH INDUSTRIES Brands Representative that she was planning to also purchase some ornaments from Heartfully Yours. Ms. Brammer responded something to the effect of "why would you want to buy from Heartfully Yours, given that they are not allowed to use Mr. Radko's name in connection with the sale of any 'gift line', and you won't be allowed to use Mr. Radko's name either".

47. Prior to the time RAUCH INDUSTRIES sent the aforesaid e-mail, Ms. Pyeatt had advised Defendants that she intended to place an order with them.

48. Upon information and belief, as a result of RAUCH INDUSTRIES' tortious interference in the relationship between Defendants and Ms. Pyeatt, Ms. Pyeatt has not ordered as much product from Defendants as she otherwise would have.

49. KRIS KRINGL, OLD WORLD ACCENTS, and Amy Pyeatt, are hereafter referred to as CR-HEART CUSTOMERS.

50. Upon information and belief, Plaintiff has contacted numerous additional customers of Defendants and numerous additional prospective customers of Defendants and has warned them not to purchase product from Defendants.

51. Upon information and belief, as a result of Plaintiff's tortious interference with Defendants' existing and prospective customers, many of these customers have either refrained from ordering product from Defendants or have ordered significantly less product than they otherwise would have.

**FIRST CAUSE OF ACTION- LIBEL**

52. CR-HEART repeats and realleges the prior paragraphs of the Counter-Claim as if fully set forth herein.

53. On March 8, 2022, RAUCH INDUSTRIES's counsel sent a letter to OLD WORLD ACCENTS, one of CR-HEART's customers wherein it stated that CR-HEART was:

- "Making repeated use of the Radko Marks without RAUCH INDUSTRIES's permission"
- "Violating RAUCH INDUSTRIES's trademark rights.
- "Causing significant confusion in the marketplace.

54. RAUCH INDUSTRIES knew or should have known that each of these three statements was false at the time it published these statements.

55. As such, RAUCH INDUSTRIES's publication of said statements was made with malice.

56. RAUCH INDUSTRIES did not have a privilege or authorization, permitting it to publish this statement.

57. The aforesaid statements accused Mr. Radko of serious and deliberate violations of Federal Law and as such, these statements caused serious damage to Mr. Radko's professional reputation and standing.

58. CR-HEART is thus entitled to damages per se and to special damages in an amount to be proven at trial.

59. Furthermore, it is reasonable to assume, that RAUCH INDUSTRIES has published many additional libelous (and slanderous) statements to many other companies/persons, the identity of which CR-HEART intends to learn during discovery.

60. To the extent similar libelous/slanderous statements were made, CR-HEART is entitled to damages per se and to special damages for these additional statements in an amount to be proven at trial.

**SECOND CAUSE OF ACTION- TORTIOUS INTEFERENCE WITH BUSINESS RELATIONS**

61. CR-HEART repeats and realleges the prior paragraphs of the Counter-Claim as if fully set forth herein.

62. In January 2022, Mr. Radko was in Atlanta, Georgia to attend a gift industry tradeshow, as were several RAUCH INDUSTRIES representatives.

63. While in Atlanta, Mr. Radko met Carl Evans, the owner of a "Christmas" store in Leavenworth, Washington, called KRIS KRINGL.

64. Mr. Evans was also in Atlanta to attend the tradeshow, and when he spotted Mr. Radko, he excitedly came up to Mr. Radko and told him how excited he was that Mr. Radko was back in the ornament business, and that he intended to make a large order from Mr. Radko (for his KRIS KRINGL store).

65. This conversation took place within view and hearing of several RAUCH INDUSTRIES representatives.

66. RAUCH INDUSTRIES have sold their products to KRIS KRINGL for many years.

67. While Mr. Evans was excitedly telling Mr. Radko about the large order he planned to place with him, Mr. Radko saw the RAUCH INDUSTRIES representatives glancing periodically in their direction.

68. Beginning a few days after this meeting, and periodically thereafter, CR-HEART placed several phone calls to KRIS KRINGL asking to speak to Mr. Evans. On each occasion, Mr. Evans' daughter would answer the call and advise that her father was unavailable. In addition,

Mr. Evans' daughter has refused to place an order with CR-HEART, on each occasion stating that it was not a good time to place an order.

69. Upon information and belief, the reason why Mr. Evans went from excitedly discussing the large order he intended to place, to refusing to take CR-HEART's phone calls, is because one or more of the RAUCH INDUSTRIES representatives who saw/heard his conversation with Mr. Radko, subsequently threatened/intimidated/pressured Mr. Evans into changing his mind.

70. On March 8, 2022, RAUCH INDUSTRIES's counsel sent a letter to OLD WORLD ACCENTS, one of CR-HEART's customers wherein it stated that CR-HEART was:

- "Making repeated use of the Radko Marks without RAUCH INDUSTRIES's permission"
- "Violating RAUCH INDUSTRIES's trademark rights.
- "Causing significant confusion in the marketplace.

71. The aforesaid letter also wrongfully accused OLD WORLD ACCENTS of violating RAUCH INDUSTRIES's trademark rights and warned it to stop using Mr. Radko's name in conjunction with the sale of his ornaments.

72. Upon information and belief, Amy Pyeatt is a buyer for the Houston Ballet.

73. Upon information and belief, on June 27, 2022, Ms. Pyeatt was speaking to Lynn Brammer, a RAUCH INDUSTRIES Brands Representative, and after placing an order for some of RAUCH INDUSTRIES's ornaments, Ms. Pyeatt told the RAUCH INDUSTRIES Brands Representative that she was planning to also purchase some ornaments from Heartfully Yours. Ms. Brammer responded something to the effect of "why would you want to buy from Heartfully

Yours, given that they are not allowed to use Mr. Radko's name in connection with the sale of any 'gift line', and you won't be allowed to use Mr. Radko's name either".

74. CR-HEART had a business relationship with the CR-HEART CUSTOMERS.

75. RAUCH INDUSTRIES knew of this relationship and intentionally interfered with the relationship.

76. RAUCH INDUSTRIES acted with malice, when it communicated with the CR-HEART CUSTOMERS regarding CR-HEART.

77. RAUCH INDUSTRIES's communications with the CR-HEART CUSTOMERS regarding CR-HEART, were improper, inaccurate, dishonest, and intended to damage the relationship between CR-HEART and the CR-HEART CUSTOMERS

78. RAUCH INDUSTRIES's interference as described herein has caused injury to CR-HEART's relationship with the CR-HEART CUSTOMERS.

79. As such, CR-HEART is entitled to an award of damages in an amount to be proven at trial.

80. Furthermore, it is reasonable to assume, that RAUCH INDUSTRIES has communicated in a similar manner with many additional companies, the identity of which CR-HEART intends to learn during discovery.

81. To the extent CR-HEART identifies additional instances where RAUCH INDUSTRIES interfered with CR-HEART's business relationships, CR-HEART will seek additional damages for these instances, in an amount to be proven at trial.

**WHEREFORE**, the counter-claim Plaintiffs seek judgment against the Counter-Claim Defendant, equal to three times the damages they have sustained, plus attorneys fees and costs, together with such further and different relief the Court deems appropriate.

Brooklyn, New York
March 14, 2023

Respectfully submitted,

Lazar Grunsfeld Elnadav LLP

s/ Gerald Grunsfeld, Esq.
Attorneys for Defendants and counter-claim Plaintiffs
1795 Coney Island Avenue
Brooklyn, NY 11230
(718) 947-7476
Gerry@LGELaw.com