

**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

March 20, 2023
V<small>IA</small> ECF

The Honorable Mary Kay Vyskocil
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Rauch Industries, Inc. v. Heart Artist LLC, et al.*,
      Case No. 1:22-cv-00909-MKV-JLC (S.D.N.Y.)

Dear Judge Vyskocil:

We represent Plaintiff Rauch Industries, Inc. ("Rauch") in the above-referenced action. Rauch hereby moves to seal portions of its pre-motion letter (the "Letter") and related Exhibits A and B (the "Exhibits"), filed in anticipation of Rauch's motion to amend the Complaint (the "Motion to Seal"). Pursuant to Individual Rule 9(b)(i), proposed redacted versions of the Letter and Exhibits have been filed contemporaneously on ECF and related to the Motion to Seal. In addition, versions of the Letter and Exhibits with proposed redactions highlighted have been filed temporarily under seal, contemporaneously on ECF, and also related to the Motion to Seal. Pursuant to Individual Rule 9(b)(ii), clean copies of all unredacted documents and versions of the Letter and Exhibits with the proposed redactions highlighted will be emailed to Chambers.

Rauch seeks to redact portions of the Letter and Exhibits that correspond to portions of the deposition transcript of Christopher Radko that Defendants have designated as "Confidential," pursuant to the parties' Stipulated Protective Order (ECF No. 96). Recognizing that confidentiality designations alone are not sufficient to overcome the presumption of public access, Rauch seeks to file this information under seal to comply with its obligations pursuant to the Stipulated Protective Order and to give Defendants an opportunity to file a letter and rebut the presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access); *Jackpocket, Inc. v. Lottomatrix NY LLC*, No. 22 CV 5772, 2022 WL 17738779, at *3 ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." (internal quotation omitted)). Accordingly, Rauch requests that the Court protect the unredacted versions of the Letter and Exhibits until such time as Defendants have had an opportunity to address whether they should be sealed.

2  March 20, 2023

Respectfully submitted,

<u>*/s/ Megan K. Bannigan*</u>

Megan K. Bannigan
David H. Bernstein
Kathryn C. Saba
**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, New York, 10001
Telephone: (212) 909-6000

*Attorneys for Plaintiff Rauch Industries, Inc.*