

**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

Megan K. Bannigan
Partner
mkbannigan@debevoise.com
+1 212 909 6127

March 20, 2023

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/25/2023
```

The Honorable Mary Kay Vyskocil
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Rauch Industries, Inc. v. Heart Artist LLC, et al.*, No. 22 CV 00909 (MKV) (JLC)

**Dear Judge Vyskocil:**

The undersigned counsel represent Plaintiff Rauch Industries, Inc. ("Rauch"). We write to request a pre-motion conference in anticipation of a motion for leave to amend the Complaint (ECF No. 1) to (1) dismiss Rauch's breach of contract claim and (2) add a claim for false advertising pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125. Defendants do not consent to Rauch's anticipated motion for leave to amend.

   **I.   Summary of the Motion**

During the course of discovery, Rauch has learned that Defendants have falsely advertised that certain amounts of profits made from their line of holiday ornaments would be donated to charity. More specifically, Defendants launched their holiday ornaments claiming that they are a "charity conscious" collection and stating across social media platforms and in press releases that "***20% of all Heartfully Yours proceeds***" would be donated to charities focused on heart disease, breast cancer, AIDS awareness, and food insecurity. Defendants subsequently made additional claims regarding charitable donations, including that:

- "artist Christopher Radko is personally donating $10 cash from the sale of each [United in Hope] ornament to Ukrainian relief charities";
- "[f]or every Sunshine and Hope ornament, [Defendants] will be donating $7.00 from the sale of each ornament" to Ukrainian relief efforts; and
- "[f]or every Ukrainian St. Nick ornament purchased by [consumers], [Defendants] will be donating $6.00 from the sale of each ornament" to Ukrainian relief efforts.

The importance of these specific claims is particularly apparent because Defendants' charitable donations are a core focus of their advertising, emphasized on the primary signage they distribute to retailers, product hangtags, product boxes, and their website, which proclaims that Mr. Radko's "new Heartfully Yours collection goes that extra mile by donating a portion of his profits to causes important to his heart."

Rauch recently discovered that these claims are false. [redacted]

This bait-and-switch is problematic because consumers were drawn to purchase products from Heartfully Yours at least in part because of Defendants' claims that specific amounts of the profits would be donated to charity. Documents produced during discovery, including social media posts, illustrate that consumers praised Heartfully Yours as a company "paying it forward" and embracing "[t]he true meaning of Christmas spirit!." Retailers also followed Defendants' lead by advertising that Heartfully Yours donates 20% of its proceeds to charity.

Defendants' false claims are a blatant violation of the Lanham Act's prohibitions on false advertising. These claims cause injury to Rauch – Defendants' direct competitor – through the diversion of sales. *See Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 259-60 (2d Cir. 2014) (applying a presumption of injury where parties were "obviously in direct competition" and noting that the Second Circuit has "never required a finding of extrinsic evidence of injury to consumers or to the plaintiff," in cases involving literal falsity). Further, these claims pose reputational injury to Rauch because – as evidenced by examples of actual consumer confusion – consumers believe Rauch is the source of Defendants' charity-focused ornaments. To protect its reputation and honor the promises made to consumers, Rauch respectfully seeks to add a claim for false advertising, through which it will seek disgorgement of Defendants' profits, with profits going to the charities to which Defendants promised specific donations.

In addition, as previewed in the October 25, 2022, joint status letter (ECF No. 116), Rauch seeks leave to amend the Complaint to withdraw its breach of contract claim with prejudice. In light of the Court's preliminary injunction order (ECF No. 60) and discovery exchanged to date, Rauch believes that withdrawing the breach of contract claim will help to streamline this case.

## II. Good Cause Exists to Modify the Scheduling Order.

Good cause exists to modify the Scheduling Order. *See Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (granting plaintiff leave to amend and finding good cause where, after multiple changes to the discovery deadline, plaintiff learned of underlying facts during a deposition and filed the motion within two months). Rauch could not have met the July 14, 2022 deadline to amend the pleadings, *see* CMP, p. 1 (ECF No. 94), because key facts regarding Defendants' donations and intent to make donations were not available until Mr. Radko's deposition. *See Austin Air Sys., Ltd. v. Sager Elec. Supply Co., Inc.*, No. 19-562, 2022 WL 464230, at *7 (W.D.N.Y. Feb. 15, 2022) (citing Fed. R. Civ. P. 16 advisory committee's note) (finding diligence where, after multiple discovery extensions and delays in scheduling depositions, plaintiff discovered underlying facts during deposition of defendant's employee). These facts would have come to light sooner if not for Defendants' delay. Mr. Radko's deposition was delayed until January 30, 2023, due to Defendants' failure to produce documents and Mr. Radko's travel schedule. Upon learning of the facts underlying its new claim, Rauch has acted with diligence by seeking leave to amend less than two months after Mr. Radko's deposition, a time frame other courts have deemed sufficiently diligent to show good cause. *See, e.g., Patel v. Singh*, No. 21-759, 2023 WL 2262792 at *4 (E.D.N.Y. Feb. 28, 2023) (finding good cause a year after the deadline where plaintiff learned of relevant information during defendant's deposition); *Permatex, Inc. v. Loctite Corp.*, No. 03-943, 2004 WL 1354253, at *3 (S.D.N.Y. Jun. 17, 2004) (finding good cause where, nine months after the deadline to amend, a party learned of underlying facts during a deposition and filed motion to amend less than two months later). Further, Rauch would have sought leave to amend last week had Defendants been

available to meet and confer when Rauch requested, on either March 9 or 10, rather than Friday, March 17, and Rauch gave Defendants until today to provide any consent to the motion.

### III.   The Amendment is Proper under Rule 15.

Leave to amend should be freely given because each of the requirements under Federal Rule of Civil Procedure 15 ("Rule 15") have been met.  Fed. R. Civ. P. 15(a)(2); *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. David*, 371 U.S. 178, 182 (1962) (reversing the district court's denial of leave to amend)).

Undue Delay.  Rauch has not unduly delayed.  Instead, it has promptly sought leave to amend within two months of discovering the facts underlying its proposed false advertising claim during Mr. Radko's deposition, which would have taken place sooner if not for Defendants' delay.  *See Patel*, 2023 WL 2262792, at *4 ("'[M]ost delays warranting denial of leave to amend are several years in length'" (quoting *Schvimmer v. Off. of Court Admin.*, 857 F. App'x 668, 673 (2d Cir. 2021)); *see also Pearlstein v. BlackBerry Ltd.*, No. 13-7060, 2017 WL 4082306, at *2 (S.D.N.Y. Sept. 13, 2017) (no undue delay where plaintiff waited "several months" after becoming aware of the information underlying his amendment and the court's initial judgment).

Bad Faith.  Rauch is not seeking to make this amendment "'solely to gain a tactical advantage' . . . or to 'annoy, harass, and delay,'" *Sec. Exch. Comm'n v. Rayat*, No. 21-4777, 2023 WL 1861498, at *64 (S.D.N.Y. Feb. 9, 2023) (finding no bad faith).  Instead, as outlined above, Rauch seeks to add a viable claim for which it recently learned of the underlying facts.

Undue Prejudice.  Defendants would not be unduly prejudiced by the amendment.  Discovery concerning Defendants' donations already has been obtained and, to the extent more is required, the parties have until April 14, 2023 to complete fact discovery.  *See Enzymotec*, 754 F. Supp. 2d at 538 ("The adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.").  Further, because Defendants' advertising claims are literally false, no extrinsic evidence of consumer confusion is needed.  *See Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (2d Cir. 2002) ("If a plaintiff proves that the challenged commercial claims are 'literally false,' a court may grant relief without considering whether buying public was actually misled.").

Futility.  Rauch's proposed additional claim is far from futile.  *See Sjunde AP-Fonden v. Gen. Elec. Co.*, 341 F.R.D. 542, 550 (S.D.N.Y. 2022) ("[A]mendment is not 'futile' if it could withstand a motion to dismiss[.]").  To prevail on the claim, Rauch would need to "establish that the challenged message is (1) either literally or impliedly false, (2) material, (3) placed in interstate commerce, and (4) the cause of actual or likely injury to plaintiff." *Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GmBH*, 843 F.3d 48, 65 (2d Cir. 2016).  As illustrated through the summary included above and through the proposed amended complaint attached as Exhibit A (the "Amended Complaint"; redline attached as Exhibit B), Rauch can plausibly allege that Defendants – who are direct competitors – have made literally false advertising statements that are material to consumer purchasing decisions and that have caused Rauch injury.

With the Court's leave, Rauch is prepared to file a full motion for leave to amend the Complaint, including an accompanying memorandum of law.

Respectfully submitted,

*/s/ Megan K. Bannigan*
Megan K. Bannigan
David H. Bernstein
Kathryn C. Saba
**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, New York 10001
Telephone: (212) 909-6000
*Attorney for Rauch Industries, Inc.*

Cc:  Counsel of record via ECF

---

**The application for leave to file a motion to amend [*see* ECF No. 158] is DENIED because, even assuming there was good cause to modify this Court's Civil Case Management Plan and Scheduling Order, any such motion would be futile.  *See* Fed. R. Civ. P. 15(a), 16(b).  This case has been pending for over a year and the Court has already awarded multiple extensions of the discovery schedule.  Given the advanced stage of this case, and the fact that discovery is now nearly at an end, a motion to amend is untimely and would prejudice Defendants.**

**The May 2, 2023 hearing is ADJOURNED *sine die*.  The motion to seal is GRANTED.  The Clerk of Court is respectfully requested to termiante ECF No. 157.**

Date: 4/25/2023
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge

4